IN RE PETITIONS OF J. R. RICHARDSON COMPANY and of MAX COHEN.

1. JUSTICES OF THE PEACE—EXECUTION—LEVY—PRIORITY.

Under *Rev. Code* 1852, amended to 1893, *p.* 750, *c.* 99, § 17, providing that an execution issued by a justice of the peace shall not bind the chattels of the judgment debtor until actual levy, an execution issued by a justice, unaccompanied by any levy, does not bind the chattels of the judgment debtor as against an actual levy under a subsequent execution issued on another judgment, and, the officer levying under the subsequent execution may appropriate the proceeds of a sale in payment of such execution.

2. EXECUTION—LEVY—PRIORITY.

Where a sheriff made an actual levy under an execution, and on the same day received notice of the issuance of a prior execution under another judgment, and the prior execution, under which no levy was made, was delivered to him by the officer receiving it, the sheriff could not make a levy under the prior execution.

*(April 4, 1912.)*

Judges BOYCE and CONRAD sitting.

*Leonard E. Wales* for J. R. Richardson Company.

*Christopher L. Ward* for Max Cohen.

Superior Court, New Castle County, May Term, 1912.

Petitions by J. R. Richardson Company and by Max Cohen to draw money out of court, paid in by the sheriff under the statute. Both petitioners claimed the proceeds under execution process. No levy of the goods and chattels of the defendant in each execution was made by the officer holding the Richardson Company execution. The sheriff made a levy and sale under the Cohen execution. Cohen was awarded the proceeds of the sale in payment of his execution.

CONRAD, J., delivering the opinion of the court:

On January 5, 1912, the J. R. Richardson Company, a corporation, obtained a judgment before James W. Robertson, J. P., against Isadore Titleman for the sum of one hundred and sixty-five dollars and fifty-six cents, with interest from date, besides costs of suit, and on the same date a writ of *fieri facias* was issued on said judgment directed to the sheriff or any constable of New Castle County, and placed in the hands of Charles Green, constable of said county, for service, at 9.05 o'clock a. m. on said date.

On the same date a judgment against the said defendant, Isadore Titleman, was entered by confession in the Superior Court of the State of Delaware, in and for New Castle County, in favor of Max Cohen, for the sum of two hundred and sixty-five dollars and sixty-five cents, being judgment No. 406 to January Term, A. D. 1912, and thereupon a *fieri facias* was at once issued on said last mentioned judgment, being *fi. fa.* No. 8 to the March Term, A. D. 1912, and placed in the hands of the sheriff of New Castle

22

County, at 11.54 o'clock a. m. on said fifth day of January, A. D. 1912.

The sheriff on the date aforesaid levied on the goods and chattels of said defendant, on said writ, and afterwards an inventory and appraisement was made. The goods and chattels so levied upon continued in the possession of the sheriff, and after advertisement were sold by the sheriff on January 17, 1912, for the sum of two hundred and ten dollars and ten cents.

On the day that the levy was made by the sheriff, the latter officer was notified by Charles Green, the constable who had in hand the *fieri facias* issued by the justice of the peace on the aforesaid judgment in favor of the J. R. Richardson Company, that he, the said Charles Green, as constable, had the said writ of the justice in hand and that it was prior in point of time to the writ in the hands of the sheriff. Afterwards, and before the goods and chattels were sold by the sheriff, the said constable delivered the writ issued to him by the justice to the sheriff, but without any levy having been made by him on the goods and chattels of the defendant under said writ.

Subsequent to the sale, demand was made on the sheriff to pay such part of the proceeds of the sale as was necessary to cover the debt, interest and costs to the writ of *fieri facias* issued on the J. R. Richardson Company judgment, by the justice of the peace, the claim being made that the *fieri facias* held by the constable on the justice's judgment in favor of the J. R. Richardson Company, being earlier in time, was entitled to priority in payment. This demand being refused, the sheriff on petition, under the statute, was allowed to pay the money into court, the sum so paid being one hundred and eighty-four dollars and twelve cents, being the proceeds of sale, two hundred and ten dollars, less twenty-five dollars and eighty-eight cents deducted as costs.

Each of said plaintiffs petitioned the court to have the proceeds of said sale applied to his execution. After argument, upon the above stated facts, the court decided that the writ of *fieri facias* issued on the judgment of Max Cohen and directed to the sheriff was entitled to the proceeds.

[1]  The statute provides (*Revised Code, c.* 99, § 17) "that

Opinion.

goods and chattels taken by virtue of an execution issued by a justice of the peace, shall be inventoried and appraised by the officer levying the same, and the execution shall not bind the goods and chattels until it shall be delivered to a constable or sheriff to be executed, and an execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick of such constable or sheriff which shall be actually levied upon within thirty days thereafter."

It appearing that no actual levy was made by the constable under the writ issued to him by the justice, on the J. R. Richardson Company judgment, his execution did not bind the goods and chattels of the defendant, although delivered to him prior to the time of the delivery of the other execution to the sheriff.

[2] The sheriff, having duly made a levy under the execution in his hands on the Max Cohen judgment, was entitled to apply the proceeds of said sale in payment of the latter execution. The fact of notice to the sheriff by the constable and the delivery of the writ held by the constable, to the sheriff, did not authorize or empower the sheriff to make a levy thereunder, and no levy having been made under the J. R. Richardson Company execution, the last mentioned execution is entitled to no part of the proceeds of said sale.